IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN LAPLACA, individually and on behalf of a class of persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) 15 cv 1312 |
| v. | ) ) ) |
| RUDY MALNATI, an individual, PIZANO'S PIZZA & PASTA, INC., 61 MADISON, INC., d/b/a PIZANO'S PIZZA & PASTA, Illinois corporations, | ) ) ) ) Jury Trial Demanded |
| Defendants. | ) ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Carolyn LaPlaca ("Plaintiff"), individually and on behalf of a class of persons similarly situated (the "Class"), through her undersigned counsel, and for her Collective and Class Action Complaint against Defendants Rudy Malnati ("Malnati"), and Pizano's Pizza & Pasta, Inc. and 61 Madison, Inc. ("Pizano's") (collectively "Defendants"), alleges as follows:

INTRODUCTION

1. Plaintiff is a former hourly employee of Defendants who filed this collective and class action lawsuit because (1) Defendants did not pay Plaintiff and other similarly situated employees the full amount of minimum or regular wages earned and owed to them for all time worked up to forty (40) hours in a workweek, and (2) because Defendants did not pay them the full and proper amount of overtime wages earned and owed to them for all time worked in excess of forty (40) hours in a workweek. Plaintiff seeks collective action certification of her claims brought under the Fair Labor Standards Act, and Rule 23 class certification of her claims brought under Illinois law.

## THE PARTIES AND JURISDICTION

2. Plaintiff, on behalf of herself and all other similarly situated employees, brings this action to recover from Defendants unpaid minimum, regular and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") (Count I), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* (the "IMWL") (Count II), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* (the "IWPCA") (Count III).

3. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

5. Defendant Pizano's Pizza and Pasta, Inc. is an Illinois corporation which, upon information and belief, owns and/or operates restaurants in Illinois that operate under the name "Pizano's Pizza & Pasta."

6. Defendant 61 Madison, Inc. is an Illinois corporation through which Defendants operate the Pizano's Pizza & Pasta restaurant located at 61 E. Madison Street in Chicago, Illinois.

7. Defendant Rudy Malnati is an individual person who is the President of Defendant Pizano's Pizza & Pasta, Inc., Defendant 61 Madison, Inc., and all other corporations doing business as Pizano's Pizza & Pasta.

2

8. Upon information and belief, Malnati owns Pizano's Pizza & Pasta, Inc., 61 Madison, Inc., and all other Pizano's Pizza & Pasta restaurants; has knowledge of each Pizano's Pizza & Pasta restaurant's day-to-day operations; and has knowledge of the illegal pay practices alleged herein.

9. Upon information and belief, Malnati has been and is involved in Pizano's' operations in that he has the power to hire and fire employees, he supervises and controls employees' conditions of employment, he determines employees' rates of pay, and he makes decisions regarding maintenance of employment records, among other things.

10. At the present time, there are six Pizano's Pizza & Pasta restaurants, all operating in Illinois.

11. Plaintiff LaPlaca is a resident of Chicago, Illinois and is a former non-exempt employee of Defendants. Plaintiff worked at Defendants' restaurant located at 61 East Madison Street in Chicago, Illinois from approximately September 2008 through December 2014 as a server and bartender. Plaintiff LaPlaca also worked for Defendants as a manger for a short time in approximately May and June 2011.

12. Plaintiff was paid by Defendants through "65 Madison, Inc.," which is now known as Defendant 61 Madison, Inc.

13. This lawsuit includes a class of current and former employees of Defendants, including employees who worked at restaurants that are now closed but which operated during the relevant statutory periods, as hourly, non-exempt employees, including but not limited to servers, bartenders, hosts, bussers, and cooks.

14. At all relevant times, Plaintiff and the class have been "employees" of the Defendants as defined by the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS § 105/3(d), and the IWPCA, 820 ILCS§ 115/2.

15. At all relevant times, Defendants have been "employers" of the Plaintiff and all persons similarly-situated, as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3(c), and the IWPCA, 820 ILCS § 115/2.

16. The FLSA, 29 U.S.C § 203(m), and the IMWL, 820 ILCS § 105/4(c), provide that Employers are allowed to take a "Tip Credit" towards its minimum wage obligation for tipped employees.

17. At all relevant times, Plaintiff worked as a Tip Credit Employee for Defendant.

18. Pursuant to the IMWL, Defendants were required to pay tipped employees, who were performing tip-producing work, as follows:

- From January 1, 2005 through June 30, 2007 – $3.90 per hour;
- From July 1, 2007 through June 30, 2008 - $4.50 per hour;
- From July 1, 2008 through June 30, 2009 - $4.65 per hour;
- From July 1, 2009 through June 30, 2010 - $4.80 per hour; and
- On or after July 1, 2010 - $4.95 per hour.

19. Pursuant to the IMWL, Defendants were required to pay non-tipped employees as follows:

- From January 1, 2005 through June 30, 2007 – $6.50 per hour;
- From July 1, 2007 through June 30, 2008 - $7.50 per hour;
- From July 1, 2008 through June 30, 2009 - $7.75 per hour;
- From July 1, 2009 through June 30, 2010 – $8.00 per hour; and

- On or after July 1, 2010 - $8.25 per hour.

## DEFENDANTS' POLICY OF REQUIRING OR PERMITTING THEIR EMPLOYEES TO WORK OFF-THE-CLOCK

20. Defendants have a policy and practice of requiring and/or permitting hourly employees to perform work after they have "clocked out" for the day and are "off-the-clock", thereby causing Plaintiff and the Class to work without pay.

21. When Plaintiff worked as a closing bartender for Defendants, Defendants required or permitted Plaintiff and the Class to clock out for the day approximately 15-30 minutes before they were actually finished working, at a minimum, in order to allow Defendants' managers to complete closing paperwork. Plaintiff continued performing her required closing duties after she had clocked out for the day and while she was off-the-clock.

22. Defendants and their managers were aware that Plaintiff and the Class performed work after they had clocked out for the day and while they were off-the-clock.

23. Defendants use a timekeeping system that has the ability to record their employees' exact clock-in and clock-out times, to the precise minute.

24. Defendants did not accurately record all time Plaintiff and the Class worked and specifically did not include time these employees spent performing mandatory closing duties at the end of their shift.

25. Defendants' policy and practice of requiring or permitting Plaintiff and the Class to perform the mandatory closing duties while "off-the-clock" caused Plaintiff and the Class to work without pay, in violation of the FLSA, the IMWL and the IWPCA.

26. Defendants willfully failed to pay minimum, regular, and overtime compensation to Plaintiff and the Class and willfully failed to keep accurate time records of Plaintiff and the Class' work.

## DEFENDANTS' FAILURE TO PAY AGREED-UPON WAGES TO THEIR HOURLY EMPLOYEES

27. At all times relevant hereto, Defendants agreed to compensate Plaintiff and the Class on a time basis of computation, *i.e.*, at an agreed-upon hourly wage for all hours worked.

28. Defendants assigned each bartender, server and other member of the Class an hourly rate, and Defendants agreed to compensate each such employee on a time basis of computation, *i.e.*, hours worked times his or her hourly rate.

29. Despite the agreement to pay Plaintiff and the Class an agreed-upon hourly wage for all work performed, Defendants did not pay Plaintiff and other similarly situated employees their agreed-upon rate for performing all work required or permitted by Defendants, including performing closing duties after they had clocked-out for the day.

30. Defendants' failure to compensate their hourly employees with the full amount of their agreed-upon wages has caused Plaintiff and the Class to suffer harm.

31. Defendants' hourly employees are entitled to compensation for all time they worked "off-the clock" and without pay in any given workweek.

## DEFENDANTS' FAILURE TO PAY OVERTIME WAGES TO THEIR HOURLY EMPLOYEES

32. Plaintiff and the Class at times work or worked in excess of forty hours per week.

33. Defendants failed to pay Plaintiff and the class 1.5 times their regular rate of pay, and failed to pay employees from which Defendants took a tip credit at a rate of 1.5 times the full minimum wage less the tip credit taken, for any work performed in excess of forty hours in a workweek.

6

34. If Defendants' timekeeping and payroll system did record that an hourly employee worked more than 40 hours in a given workweek, then Defendants only paid that employee his or her regular hourly rate for those hours worked.

35. Upon information and belief, Defendants continue to employ the policy of only paying hourly employees their regular, and not overtime, rates for hours recorded over 40 in a workweek.

36. Defendants' failure to compensate hourly employees with the full amount of the overtime wages due to them in violation of the FLSA, 29 U.S.C. § 207, and the IMWL, 820 ILCS § 105/4(a), has caused Plaintiff and other similarly situated employees to suffer harm.

37. Throughout their employment, Defendants failed to maintain accurate records of all time worked by Plaintiff and the Class. Defendants' time records regularly under-recorded regular and overtime hours that Plaintiff and the Class worked.

38. Defendants were aware or should have been aware that Plaintiff and the Class worked more hours than were recorded. Defendants suffered, permitted and required Plaintiff and the Class to work additional unpaid hours.

39. Defendants' conduct was willful, in that Defendants knew or should have known that Plaintiff and the Class worked additional unpaid hours off the clock.

### DEFENDANTS' REQUIRED PLAINTIFFS TO PURCHASE UNIFORMS WITHOUT REIMBURSEMENT

40. Pursuant to Defendants' uniform policy, Plaintiff and the Class were required to purchase certain articles of clothing to wear while working, including company polo shirts, t-shirts, tank top shirts, and athletic or track jackets, from the Defendants.

41. Defendants required Plaintiff and the Class to purchase required uniform items at hire and also to purchase additional uniform items to maintain an adequate supply of uniform articles to cover shifts worked and wear and tear of the uniforms.

42. Defendants failed to reimburse Plaintiff and the Class for the costs of acquiring and maintaining the required uniform items.

43. By failing to reimburse Plaintiff and the Class for uniform purchases, Defendants caused Plaintiff and the Class' wages to fall below the required minimum wage and/or below the hourly rates Defendants agreed to pay Plaintiff and the Class for all hours worked.

44. Defendants knew, required, approved, and/or suffered or permitted Plaintiff and the Class to acquire and maintain their uniforms without reimbursement.

45. Defendants' conduct was willful, in that Defendants knew or should have known that Plaintiff and the Class were not reimbursed for the costs of acquiring and maintaining their uniforms, as required.

## COUNT I
### Failure to Pay Minimum Wage and Overtime In Violation of the Fair Labor Standards Act; FLSA COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff brings Count I of this Complaint as a collective action under the FLSA, 29 U.S.C. § 216(b), and seeks to represent the following described similarly situated persons:

> All persons who worked for Defendants as hourly employees, including servers, hosts, bartenders, bussers, or cooks at any time between February 11, 2012 and the present and until final resolution of the case and who did not receive the full statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all the time worked over 40 hours in individual work weeks (the "FLSA Class").

48. Plaintiff and the proposed FLSA class have been equally affected by Defendants' violations of the FLSA, which amount to a single decision, policy or plan to avoid paying all earned regular and overtime wages. Thus, there are questions of law and fact common to Plaintiff and the FLSA Class.

49. Plaintiff is similarly situated to the employees in the FLSA Class.

50. Plaintiff's claims or defenses are typical of the claims or defenses of the FLSA Class.

51. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the FLSA Class.

52. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

53. Under the FLSA, 29 U.S.C. §§ 206, 207, the Defendants were and are required to pay the Plaintiff and the FLSA Class the applicable minimum wage for all hours worked up to forty hours in any given workweek, and time and a half for all hours worked in excess of forty hours in any given workweek.

54. Defendants' books and records are material to Plaintiff's case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

55. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiff and the FLSA Class.

56. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Plaintiff and the FLSA Class.

57. Defendants failed to pay Plaintiff and the FLSA Class minimum and overtime wages for all hours worked and Defendants failed to pay them any statutorily required overtime wages for any of the time they worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 206, 207.

58. Additionally, Defendants failed to pay Plaintiff and the FLSA Class owed minimum wages and overtime by requiring them to purchase uniform items without reimbursement.

59. Defendants' violations of the FLSA were willful and intentional, in that Defendants regularly required, approved, and/or suffered or permitted Plaintiff and the FLSA Class to work "off the clock" and to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiff and the FLSA Class worked "off the clock" and worked overtime hours for which they were not compensated at the statutory rates.

60. Plaintiff and the FLSA Class have been damaged by Defendants' policy and practice of failing to pay the full amount of minimum and/or overtime wages due to them, pursuant to the FLSA.

**WHEREFORE**, Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court enter judgment in her favor and against Defendants for the following:

(a) Grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the FLSA Class and allow them the opportunity to opt-in as party plaintiffs pursuant to the FLSA, 29 U.S.C. § 216;
(b) An award for Plaintiff and all persons who opt-in of all unpaid minimum and/or overtime wages they earned;
(c) An award of liquidated damages equal to the amount of all unpaid minimum and/or overtime wages, or alternatively, prejudgment interest;
(d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);
(e) An award for Plaintiff and all persons who opt-in of pre-judgment and post-judgment interest at the highest rates allowed by law; and

(f) Such further relief as this Court deems equitable and just.

## COUNT II
### Failure to Pay Minimum and Overtime Wages
### In Violation of the Illinois Minimum Wage Law;
### IMWL CLASS ACTION ALLEGATIONS

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 of this Count II.

62. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23.

63. Plaintiff seeks certification of the following class of similarly situated persons pursuant to Count II, brought under the IWML:

> All persons who worked for Defendants as hourly employees, including servers, hosts, bartenders, bussers, or cooks, in Illinois at any time between February 11, 2012 and the present and until final resolution of the case, and who have not been paid the statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "IMWL Class").

64. Plaintiff and the proposed IMWL Class have been equally affected by Defendants' violations of the IMWL. Thus, there are questions of law or fact common to Plaintiff and the IMWL Class.

65. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IMWL Class.

66. Plaintiff shares a common interest in the subject matter and remedy sought for the IMWL Class.

67. Plaintiff believes that the number of employees who fall within the IMWL Class exceeds 100. Therefore, the number of persons in the IMWL Class is so numerous that joinder of all members is impracticable.

11

68. Plaintiff's claims or defenses are typical of the claims or defenses of the IMWL Class.

69. This is not a collusive or friendly action. Plaintiff is able to fairly and adequately represent and protect the interests of the IMWL Class.

70. Plaintiff has retained counsel experienced in complex employment litigation, including large wage and hour actions. Her counsel will fairly and adequately protect the interests of the IMWL Class.

71. If individual actions were required to be brought by each member of the IMWL Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Thus, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count II.

72. Under the Illinois Minimum Wage Law, 820 ILCS § 105/4, Defendants were required to pay Plaintiff and the IMWL Class at least the minimum wage for all regular hours worked.

73. The IMWL, 820 ILCS § 150/8, requires employers to maintain accurate records of hours worked by employees.

74. Defendants' policies and practices have caused them to regularly under-report the time worked by Plaintiff and the IMWL Class on their check stubs.

75. Defendants failed to compensate Plaintiff and the IMWL Class at least the minimum wage for all hours worked up to 40 hours per workweek.

76. The IMWL, 820 ILCS § 105/4(a) requires Defendants to compensate Plaintiff and the IMWL Class at a rate of time and one-half their regular rate of pay for overtime hours, *i.e.*, hours worked in excess of 40 in a workweek.

77. Defendants failed to pay Plaintiff and the IMWL Class the statutorily required overtime compensation for hours worked in excess of 40 in a workweek.

78. Defendants were aware of, required, suffered and/or permitted Plaintiff and the IMWL Class to work unpaid regular and overtime hours.

79. Additionally, Defendants failed to pay Plaintiff and the IMWL Class owed minimum wages and overtime by requiring them to purchase uniform items without reimbursement.

80. Defendants' violations of the IMWL were willful and intentional, in that Defendants required, approved, and/or suffered or permitted Plaintiff and the IMWL Class to work hours for which they were not paid and to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiff and the IMWL Class worked hours for which they were not paid and worked overtime hours for which they were not compensated at the statutory rates.

81. Plaintiff and the members of the putative IMWL Class have been damaged by Defendants' IMWL violations by not being paid the proper amount of minimum and/or overtime wages due to them.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court enter judgment in her favor and against Defendants for the following:

(a) Certification of the IMWL Class pursuant to Fed. R. Civ. P. 23;
(b) An award for Plaintiff and the IMWL Class all unpaid minimum and overtime wages they earned;
(c) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
(d) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
(e) Such further relief as this Court deems equitable and just.

## COUNT III
### Failure to Pay Regular and Overtime Wages
### In Violation of the Illinois Wage Payment and Collection Act;
### IWPCA CLASS ACTION ALLEGATIONS

82. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 as if fully set forth herein.

83. Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendants unpaid wages, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

84. As set forth *supra*, including paragraphs 27 to 28, Defendants agreed and assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate for all work Defendants permitted or required in a workweek.

85. Plaintiff seeks certification of the following class of similarly situated persons pursuant to Count III, brought under the IWPCA:

> All persons who worked for Defendants as hourly employees, including servers, hosts, bartenders, bussers, or cooks in Illinois at any time between February 11, 2005 and the present and until final resolution of the case, and who have not been paid the agreed-to wage for all hours worked in individual work weeks (the "IWPCA Class").

86. Plaintiff and the proposed IWPCA Class have been equally affected by Defendants' violations of the IWPCA. Thus there are questions of law or fact common to Plaintiff and the IWPCA Class.

87. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IWPCA Class.

88. Plaintiff shares a common interest in the subject matter and remedy sought for the IWPCA Class.

89. Plaintiff believes that the number of employees who fall within the IWPCA Class exceeds 100. Therefore, the number of persons in the IWPCA Class is so numerous that joinder of all members is impracticable.

90. Plaintiff's claims or defenses are typical of the claims or defenses of the IWPCA Class.

91. This is not a collusive or friendly action. Plaintiff is able to fairly and adequately represent and protect the interests of the IWPCA Class.

92. Plaintiff has retained counsel experienced in complex employment litigation, including large wage and hour actions. Her counsel will fairly and adequately protect the interests of the IWPCA Class.

93. If individual actions were required to be brought by each member of the IWPCA Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IWPCA Class, to the Court, and to Defendants. Thus, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count III.

94. Defendants agreed to pay Plaintiff and the IWPCA Class on a time basis of computation for work performed based on the following formula: hourly rates times hours worked.

95. When Defendants hired Plaintiff and the members of the putative IWPCA Class, Defendants advised them of the specific hourly rates they would be paid for all work performed by them.

96. The IWPCA, 820 ILCS §§115/1 *et seq.*, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between

15

the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculations".

97. Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses...and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

98. The IWPCA further requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. 820 ILCS § 115/4. The IWPCA provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee." 820 ILCS § 115/5.

99. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff and the members of the putative IWPCA Class for the actual time they worked each week and by failing to reimburse their uniform purchases within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiff and members of the putative IWPCA Class their earned wages by the next scheduled payday after their separation.

100. Defendants failed to pay Plaintiff and the members of the putative IWPCA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, in violation of the IWPCA, 820 ILCS § 115/4.

101. Defendants failed to pay Plaintiff and the putative IWPCA Class the full amount they agreed to pay for all hours worked as a result of the improper practices described herein.

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the putative IWPCA Class have suffered and will continue to suffer lost wages and other damages.

103. Plaintiff and the members of the putative IWPCA Class have been damaged by not being paid the full amount of wages due to them for all hours worked.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court enter judgment in her favor and against Defendants for the following:

(a) Certification of the IWPCA Class pursuant to Fed. R. Civ. P. 23;
(b) An award for Plaintiff and the IWPCA Class of all actual damages;
(c) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 115/14;
(d) Attorneys' fees and costs of this action; and
(e) Such further relief as this Court deems equitable and just.

Dated: February 11, 2015

Respectfully submitted,

CAROLYN LAPLACA, individually and on behalf of a class of persons similarly situated,

/s/ James X. Bormes
One of Plaintiff's Attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Robin Potter
M. Nieves Bolanos
Patrick Cowlin
Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the court that I worked at Pizano's Pizza & Pasta as a server, bartender, host, server trainer, as a tipped employee or in other similar job descriptions at some time between from January 2012 through and including the present, and that I believe I have not been paid all regular and/or overtime wages owed to me. I authorize through this Consent the prosecution of this lawsuit in my name and on behalf of similarly-situated persons.

_Carolyn McPlear_      1.8.15
Signature                                Date:

_Carolyn McPlear_
My name is: (print your name)

R- — — — — — — — — — — — — — — — — — — — — — — — — — — — —

[Please provide the following additional information, which will not be filed with the Court]

Redacted

IF YOU HAVE ANY QUESTIONS REGARDING THIS FORM, PLEASE CALL THE ATTORNEYS FOR PLAINTIFFS AT 1 (312) 861-1800. PLEASE DO NOT CALL OR CONTACT THE COURT WITH QUESTIONS ABOUT THE NOTICE, THE LAWSUIT, OR THE DEADLINE FOR FILING THIS CONSENT FORM.

MAIL TO:
PIZANO'S FLSA LITIGATION
c/o Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800 (phone)
(312) 861-3009 (fax)
robin@potterlaw.org