**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN LAPLACA, | ) | |
| individually and on behalf of | ) | |
| a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 1312 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| RUDY MALNATI, an individual, | ) | Magistrate Judge Susan E. Cox |
| PIZANO'S PIZZA & PASTA, INC., | ) | |
| 61 MADISON, INC., d/b/a PIZANO'S | ) | |
| PIZZA AND PASTA, Illinois corporations, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
FINAL APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT**

Attorneys for Plaintiff Carolyn LaPlaca and the proposed Class of Similarly Situated Persons:

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60613
(312)-201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
Patrick Cowlin, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 East Wacker Street, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.  The Court's Preliminary Approval Order, Notice and Claim
        Administration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF
    RULE 23 AND THE COURT'S NOTICE PROCEDURES SET FORTH IN
    THE PRELIMINARY APPROVAL ORDER . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. FINAL APPROVAL IS APPROPRIATE PURSUANT TO RULE 23(e)
    BECAUSE THE SETTLEMENT IS FAIR, ADEQUATE AND
    REASONABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  The Settlement is Fair, Reasonable and Adequate . . . . . . . . . . . . . . . . . . 5

        1.  Strength of Plaintiffs' Case as Compared to the Amount of the
            Settlement and Allocation of the Settlement Payment . . . . . . . . . . 6

        2.  Complexity, Length and Expense of Further Litigation . . . . . . . . . 6

        3.  The Settlement Was the Result of Arms'-Length Negotiations
            Free from Collusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        4.  Opinion of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        5.  Lack of Objections to the Settlement . . . . . . . . . . . . . . . . . . . . . . . 8

        6.  Stage of the Proceedings and the Amount of Discovery
            Completed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.  The Settlement is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V.  CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE . . . . . . 9

    A.  The Settlement Class Satisfies All Rule 23(a) Requirements . . . . . . . . . . 9

      B.     The Settlement Class Satisfies All Rule 23(b)(3) Requirements . . . . . . . . . 10

VI.    THE SERVICE AWARDS FOR CLASS REPRESENTATIVES AND OPT-IN
       PLAINTIFFS ARE APPROPRIATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VII.   THE PAYMENT OF ATTORNEYS' FEES OF LESS THAN ONE-THIRD
       OF THE SETTLEMENT FUND (26.47%) IS REASONABLE . . . . . . . . . . . . . . 12

      A.     The Percentage of the Fund Method of Awarding Attorneys' Fees
            is Appropriate in Common Fund Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.     The Attorneys' Fee Request is a Reflection of the Relevant Market . . . . . . 14

           1.     The Requested Attorneys' Fee Award Reflects the Normal
                  Rate of Compensation in this Market . . . . . . . . . . . . . . . . . . . . . . . 14

           2.     The Results and Benefits Conferred Upon the Class Justify
                  the Requested Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VIII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## **TABLE OF AUTHORITIES**

### **CASES AND ORDERS**

*Acosta vs. Scott Labor,* N.D. Ill., Case No. 05 C 2518, ECF No. 120 . . . . . . . . . . . . . . . . .  15

*Armstrong v. Bd. of Sch. Dist.,*
616 F.2d 305 (7th Cir. 1980)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447,
2016 U.S. Dist. LEXIS 165560 (N.D. Ill. Nov. 29, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . .
12, 14

*Cioe et al. v. Cellco Partnership et al.*, No. 1:11-cv-1002, ECF. 161 . . . . . . . . . . . . . . . . . .
15

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Felzen v. Andreas,*
134 F.3d 873 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Flores v. Jorge Arteaga Corp*., N.D. Ill., Case 05 C 2057,  ECF No. 53 . . . . . . . . . . . . .15

*Gonzalez v. Labor Network*, Case No. 05 C 4864 (ECF No.  137) . . . . . . . . . . . . . . . . . . . . 15

*Great Neck Capital Appr. Inv. P'Ship, L.P. v. Pricewaterhouse Coopers,*
212 F.R.D. 400 (E.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hispanics United of DuPage County v. Village of Addison, Illinois,*
988 F. Supp. 1130 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Mexico Money Transfer Litig.,*
164 F. Supp. 2d 1002 (N.D. Ill. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 6, 8

*In re Synthroid Mktg. Litig.,*
264 F.3d 712 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Isby v. Bayh,* 75 F.3d 1191 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Lueders et al. v. 3M Company*, 4:08-cv-04047 (C.D.Ill.) (ECF. 81 and ECF. 97) . . . . . . . .15

*M. Berenson, Inc., v. Fanueil Hall Marketplace, Inc.,*
671 F. Supp. 819 (D. Mass. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mangone v. First USA Bank,*
206 F.R.D. 222 (S.D. Ill. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mars Steele Corp. v Continental Illinois Nat'l Bank & Trust Co.,*
834 F.2d 677 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Meyenburg v. Exxon Mobil Corp.,*
No. 3:05-cv-15-DGW, 2006 U.S. Dist. LEXIS 97057 (S.D. Ill. June 6, 2006) . . . . . . . . . 7-9

*Osorio et al. v. Sprint*, No. 08 c 3228 (N.D.Ill.) ECF. 175 . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Peraza v. Dominick's Finer Foods, Inc.*, No. 11-C-8390 (N.D.Ill.) ECF. 52 . . . . . . . . . . . 15

*Perry v. National City Bank*, Case No. 05 C 891 DRH, ECF No. 81 (S.D. Ill.) . . . . . . . . 15

*Ramah Navajo Chapter v. Babbitt,*
50 F. Supp. 2d 1091 (D. N.M. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Retsky Family Ltd. Partnership v. Price Waterhouse LLP,*
No. 97 C 7694, 2001 U.S. Dist LEXIS 20397 (N.D. Ill. 2001) . . . . . . . . . . . . . . . . . . . . 13-14

*Reynolds v. Beneficial Nat'l Bank,*
288 F.3d 277 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Romo v. Manpower, Inc.,* Case No. 09 C 3429, ECF No. 249 (N.D. Ill. ) . . . . . . . . . . . . . . 15

*Rosales v. The Placers, Ltd.,*
Case No. 09 C 1706, ECF No. 162 (N. D. Ill.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sanchez v. Stampede Meat, Inc.*, N.D. Ill., Case No 02 C 5452 (ECF No. 70) . . . . . . . . . . 15

*Schmidt v. Smith & Wollensky LLC*, Case No. 09-2752, ECF No. 78 (N.D. Ill) . . . . . . . . 15

*Schulte v. Fifth Third Bank,*
805 F. Supp. 2d 560 (N.D. Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Skelton v. Gen. Motors Corp.,* 860 F.2d 250 (7th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . 12

-v-

*Sutton v. Bernard,*
504 F.3d 688 (7ᵗʰ Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,*
463 F.3d 646 (7ᵗʰ Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Taubenfeld v. AON Corp.,*
415 F.3d 597 (7ᵗʰ Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Will v. General Dynamics Corp.,*
No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349 (S.D. Ill. Nov. 22, 2010) . . . . . . . . . . 13

*Williams v. General Elec. Capital Auto Lease,*
No. 94 C 7410, 1995 U.S. Dist. LEXIS 19179 (N.D. Ill. Dec. 16, 1995). . . . . . . . . . . . . . 13

*Williams v. Volt Management Corp*, Case No. 10 C 3927, ECF No. 52 (N.D. Ill.) . . . . . . 15

*Winston v. Speybroeck,*
No. 3:94-CV-150AS, 1996 U.S. Dist. LEXIS 12131 (N.D. Ind. Aug. 2, 1996) . . . . . . . . . 7, 9

**STATUTES**

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* . . . . . . . . . . . . . . . . . . . . . *passim*

Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq* . . . . . . . . . . . . . . . . . . . *passim*

Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq* . . . . . . . . *passim*

**RULES**

Fed.R.Civ.P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**TREATISES**

2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions (3d ed. 1992) . . . . . . . . .9

# I.  INTRODUCTION

This Court granted preliminary approval of the Parties' Class Action Settlement Agreement on September 21, 2016.  ECF No. 78.  Plaintiffs now seek final approval of that Class Action Settlement Agreement because it is "fair, adequate and reasonable."  The Settlement meets this approval standard because it provides payment of one-hundred percent of estimated damages plus an additional amount of almost 44 percent in interest payments for the following claims:  (1) failing to pay overtime to non-exempt employees at the required overtime rates (i.e., 1.5 times the employees' regular rates of pay); (2) failing to pay hourly-paid employees the full amount of their work time as reflected in their contemporaneous time records; (3) failing to pay at least the minimum wage for all hours worked; (4) failing to pay bartenders on closing shifts for work performed after they clocked out; and (5) imposing charges for employee uniforms thereby causing employees to be paid less than Illinois' minimum wage. The Parties' Settlement is supported by the Settlement Class.  To date, none of the eligible Class Members filed objections to the Settlement and none have sought exclusion.  For reasons further explained below, Ms. LaPlaca requests that the Court enter an order of final approval, in the form attached hereto as Exhibit 1.

## II.  STATEMENT OF FACTS

### A.  Factual And Procedural Background

The procedural history of the Litigation and the parties' efforts during settlement negotiations and discovery are detailed in the Parties' Motion for Preliminary Approval of Proposed Settlement and for Class Certification and in the Affidavit of M. Nieves Bolaños, attached thereto.  ECF No. 75-1 at pp. 8-1.

**B. The Court's Preliminary Approval Order, Notice and Claim Administration**

In the Preliminary Approval Order, the Court provisionally certified the following

Settlement Class:

> All persons who have been employed by Pizano's Pizza & Pasta and/or Rudy's
> Bar and Grille in Illinois and worked any shift for any amount of time as servers,
> hosts, bartenders, cooks, kitchen prep workers, bussers, dishwashers, expos, food
> runners and any other hourly-paid and/or non-exempt employee at any time
> between February 1, 2012 through May 31, 2015 ("The Class Period") and are
> identified in Group Exhibit A to the Settlement Agreement.

ECF 78, at p. 2.

Pursuant to the Preliminary Approval Order and the Settlement Agreement, the parties

have administered the settlement thus far as follows. On October 14, 2016, the Class

Administrator mailed a copy of the Summary Class Notice (ECF. 75-6) by U.S. Mail to each

member of each of the certified class to the addresses Defendants' counsel provided. Ex. 2,

Declaration of Kelly Kraztz (Dahl Administration), ¶4. Each Class Notice was personalized

with the Class Member's estimated unpaid wages and interest payments under the Settlement

Agreement. Ex. 2, ¶4.

If a Settlement Class Member's Summary Notice was returned by the USPS with a

forwarding address, the Class Administrator re-mailed the Notice to the new address. Ex. 2, ¶5.

If a Settlement Class Member's Summary Notice was returned by the USPS as undeliverable

and without a forwarding address, the Class Administrator performed a skip trace search and re-

mailed the Summary Notice based on new information discovered in these address searches. Ex.

2, ¶6. As of this date, there are two-hundred four (204) Class Members with known bad

addresses. Ex. 2, ¶7. Counsel for the Class will continue to make attempts to contact class

members and they remain eligible to receive their share of the settlement funds through the two-year check cashing deadline as set out in the Settlement Agreement. Dkt. 75-4, ¶7(c).

Plaintiffs' counsel's telephone number, and a dedicated email address (pizanosclassaction@potterlaw.org) were included in the Summary Notice to allow Settlement Class Members to make inquiries regarding the Settlement. Ex. 2 (Exh. A). In addition, the Summary Notice also included contact information for the Class Administrator. *Id.* The deadline to return an Exclusion Request or an Objection was December 16, 2016. Dkt. 78, ¶10. As of December 27, 2016, neither Class Counsel nor the Administrator has received any requests for exclusion or objections. Ex. 2, ¶¶8-9.

Each Class Member's *pro rata* settlement share will be calculated as set forth in Section IV.8 of the Settlement Agreement. ECF 75-4. Plaintiffs summarized the basis for the computation of payments to individual class members in detail in the Preliminary Approval Memorandum and in Ms. Bolaños' Declaration attached thereto. ECF. 75-3, ¶¶41-50.

### III. THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23 AND THE COURT'S NOTICE PROCEDURES SET FORTH IN THE PRELIMINARY APPROVAL ORDER

In the Preliminary Approval Order, the Court determined that the form, content, and proposed distribution of the Class Notice met the requirements of federal law and due process, and was the best notice practicable under the circumstances. (*See* ECF No. 78, ¶ 6). Rule 23(c)(2)(B) requires the Court to direct to Class Members the "best notice practicable" under the circumstances, including "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

As the Supreme Court has held, notice by mail provides such "individual notice to all members" in accordance with Rule 23(c)(2). *Id.* Where the names and addresses of class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practicable.'" *Id.* at 175. The Parties' efforts to effectuate notice to the class, as described above, meet the requirements of Rule 23(c)(2)(B).

## IV. FINAL APPROVAL IS APPROPRIATE PURSUANT TO RULE 23(e) BECAUSE THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

Settlement of class action litigation is favored by federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Although class settlements must be approved by the district court, the court's inquiry is limited to the consideration of whether the proposed settlement is fair, reasonable, and adequate. *Id.* In determining whether a class settlement meets that standard, courts in the Seventh Circuit consider a variety of factors including:

> (a) the strength of plaintiffs' case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) *citing Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985). The determination that a settlement is fair is left to the sound discretion of the trial court. *Armstrong v. Bd. of Sch. Dist.*, 616 F.2d 305, 313-14 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

**A.     The Settlement is Fair, Reasonable and Adequate**

**1.     Strength of Plaintiffs' Case As Compared to the Amount of the Settlement and Allocation of the Settlement Payment**

In assessing the fairness of a class settlement, the most important factor is the strength of the plaintiff's case on the merits compared with the amount offered in the settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2005). "In conducting this analysis, the district court should begin by 'quantifying the net expected value of continued litigation to the class.' To do so, the court should 'estimate the range of possible outcomes and ascribe a probability to each point on the range.'" *Id., quoting Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284-85 (7th Cir. 2002) (internal citation omitted). Although the Seventh Circuit has recognized that precision in valuing a case cannot be expected, the court should require that the parties present evidence that would enable estimates of possible outcomes, so that the court can at least come up with a "ballpark valuation." *Id. quoting Reynolds*, 288 F.3d at 285. In essence, a court must weigh the value of the proposed settlement against the total amount that the class could recover, discounted by the weaknesses and risks inherent in the class's claims.

The Settlement provides substantial relief to all Class Members. Class Members will receive 100% of their estimated damages for the release claims, plus an additional amount in penalties and liquidated damages for those class members who submitted consents to join the suit, without the risk of trial and without having to submit claim forms. Dkt. 75-3, ¶¶40-49. The consideration to be paid by Defendants is thus considerable. Further, the plan of allocation (which is *pro rata* based on class counsel's detailed analysis of Defendants' time and payroll records) is reasonable. *Id.* As such, this element has been satisfied. *see Mars Steele Corp. v Continental Illinois Nat'l Bank & Trust Co.,* 834 F.2d 677, 682 (7th Cir. 1987).

### 2.    Complexity, Length and Expense of Further Litigation

The second factor to be considered by a court is the complexity, length, and expense of

litigation that will be avoided by the proposed settlement.  *In re Mexico Money Transfer Litig.*,

164 F. Supp. 2d at 1019.  This class action, involving the claims of at least 926 persons, was

resolved only after substantial discovery and extensive analyses of the claims and potential

damages.  See, ECF. 75-1, at 8-11 (detailing discovery conducted in this case.).  Had the

litigation continued, Defendants would have aggressively defended the case.  The parties would

have conducted further discovery including depositions of class members and restaurant

managers, and the parties would likely have filed Motions for Summary Judgment.  Whatever

the outcome of these motions and the subsequent trial, the Parties would thereafter have

confronted potential appellate litigation. This further litigation would have increased the expense

to the Named Plaintiff and the Settlement Class, but would not have reduced the risk of the

litigation.  *See Isby*, 75 F.3d at 1199; *see also In re Mexico Money Transfer Litig*., 164 F. Supp.

2d at 1019; *Great Neck Capital Appr. Inv. P'ship, L.P. v. Pricewaterhouse Coopers*, 212 F.R.D.

400, 409-10 (E.D. Wis. 2002).

### 3.    The Settlement Was the Result of Arm's-Length Negotiations Free From Collusion

In determining whether a settlement was reached absent any collusion between the

Parties, courts look to whether the settlement is "intense, vigorous, and at arm's length."  *In re*

*Mexico Money Transfer Litig*., 164 F. Supp. 2d at 1020.  Here, the negotiations were conducted

at arm's-length, by experienced counsel for both the Class and Defendants, free from fraud or

collusion. Dkt. 75-3, ¶¶5-28.  Prior to mediation, the parties conducted substantial discovery,

including a Rule 30(b)(6) deposition of Defendants' Operations Manager Christopher Spitzer,

extensive production of documents from the opt-in plaintiffs, Defendants' answers to one-hundred and twenty-seven requests for admissions, the exchange of sworn interrogatory responses, and the production of thousands of pages of timekeeping and payroll records. *Id.* The initial four-hour mediation before Magistrate Judge Cox, though productive, did not result in a settlement. Rather, the settlement was only achieved nearly two months later, following extensive additional negotiations and discussions over the course of the following weeks. *Id.*

Such arm's length negotiations conducted by competent counsel, along with the absence of collusion, constitute *prima facie* evidence of a fair settlement. *M. Berenson Co., Inc., v. Fanueil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987) ("where . . . a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiation by capable counsel, it is presumptively fair."); *Winston v. Speybroeck*, No. 3:94-CV-150AS, 1996 U.S. Dist. LEXIS 12131, at *15-16 (N.D. Ind. Aug. 2, 1996); *Meyenburg v. Exxon Mobil Corp.*, No. 3:05-cv-15DGW, 2006 U.S. Dist. LEXIS 97057, at *16 (S.D. Ill. Jun. 6, 2006) (no collusion between the parties found where the settlement agreement was reached three years after plaintiff began investigating the case and after a lawsuit was brought and litigated for two years.)

### 4. Opinion of Counsel

Class Counsel are experienced in class action litigation and had a substantial amount of information to evaluate and negotiate the Settlement. As set forth above, the Settlement was reached after lengthy and extensive negotiations and substantial discovery. In Class Counsel's opinion, the Settlement is fair, reasonable and adequate. Dkt. 75-3, ¶¶51-56. It is appropriate for the Court to place significant weight on the strong endorsement of this Settlement by Class

Counsel.  *See In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d at 1020; *see also Meyenburg*,

2006 U.S. Dist.  LEXIS 97057, at *17-18.

### 5. Lack of Objections to The Settlement

An absence of objections by class members is a significant factor in determining whether

the proposed class settlement is reasonable to the class as a whole.  *See Hispanics United of*

*DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1169 (N.D. Ill. 1997) (finding

the settlement fair where a small number of class members objected); *Mangone v. First USA*

*Bank*, 206 F.R.D. 222, 226-27 (S.D. Ill. 2001) (same); *see also Wal-Mart Stores, Inc. v. Visa*

*USA, Inc*., 396 F.3d 96, 118 (2d Cir. 2005) (noting that "[i]f only a small number of objections

are received, that fact can be viewed as indicative of the adequacy of the settlement.").  Here, no

Class Members objected to the Settlement or submitted exclusions. Ex. 2, ¶¶8-9.  Thus, this

factor also favors approval of the Settlement.

### 6. Stage of the Proceedings and the Amount of Discovery Completed

At the time of mediation and settlement, the litigation had progressed to a stage where the

Parties could evaluate the merits of the case, potential damages, and the probable course of

future litigation.  As noted above, Class Counsel conducted extensive discovery in this case, and

created a comprehensive damages analysis with data produced during discovery. Further, the

parties submitted detailed mediation position statements, and extensively debated the merits of

their positions during the mediation with the assistance of the Magistrate Judge, and thereafter in

continued negotiations on their own.   Thus, the stage of the proceedings warrants approval of

the Settlement. *See Winston*,  1996 U.S. Dist. LEXIS 12131, at *15-6; *Meyenburg*, 2006 U.S.

Dist. LEXIS 97057, at *19.

-8-

### B.     The Settlement is Appropriate

The Settlement of this action resolves a case that has progressed to a point in time where experienced Class Counsel can represent to the Court that the Settlement is a fair and reasonable resolution of this lawsuit.  Dkt. 75-3, ¶¶5-28.  As set forth above, no Class Members objected to the Settlement or submitted exclusions, and class members will receive 100% of their alleged owed minimum and overtime wage damages, plus a substantial interest payment.  In addition, Class Members are only providing Defendant with a limited release. ECF. 75-4, at p. 6.

### V.     CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

This Court found in granting Preliminary Approval that, for settlement purposes, the Parties' proposed Class is proper under Rule 23(a) and 23(b)(3).  (ECF No. 78.) Since the Court's Order, no objections to the Settlement or to class certification have been received.  As recognized in the Settlement and the Court's Preliminary Approval Order, the Settlement Class is appropriate for the reasons summarized below.

### A.     The Class Satisfies All Rule 23(a) Requirements

Numerosity:  Fed. R. Civ. P. 23(a)(1) requires that the class be so numerous that joinder of all 926 class members is impracticable. This meets the numerosity requirement.  1 Newberg on Class Actions § 3.05 at 3-23 to 3-24; *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832, at *1 (N.D. Ill. Nov. 30, 2000) (Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met.)

Commonality:  Members of the Settlement Class share common questions of law with respect to their various claims and their claims are factually linked, including through

Defendant's failure to pay earned minimum and overtime wages during the relevant time period and at the required rates of pay, and Defendants' requirement for the purchase of uniform items. As found in the Court's Preliminary Approval Order, Plaintiffs' claims satisfy the commonality requirement of Rule 23(a)(2). Dkt. 78, ¶3.

Typicality: As this Court concluded in its Preliminary Approval Order, the Rule 23(a)(3) typicality prong is satisfied. The claims of the Named Plaintiff are typical of the claims of the Settlement Class. Dkt. 75-3, ¶50. The Court's finding has not been challenged since the date of the Court's Preliminary Approval Order.

Adequacy: No objection or information contrary to the finding of adequacy in the Court's Preliminary Approval Order has been raised contesting the ability of the Named Plaintiff and Class Counsel to fairly and adequately protect the interests of the Class. No evidence has arisen of an improper conflict of interest between the Named Plaintiff and her counsel and any members of the Settlement Class. Moreover, Class Counsel's experience litigating wage and hour collective and class actions has enabled them to vigorously represent the interests of the Class throughout the litigation and settlement of this action, and Class Counsel will continue to do so.

**B.     The Class Satisfies Rule 23(b)(3) Requirements**

As found in the Court's Preliminary Approval Order, the Class meets the requirements of Rule 23(b)(3) in that common questions of law affecting proposed Class Members predominate over questions affecting individual members, and class resolution is superior to other available methods.

Predominance: Since the Court's Preliminary Approval Order, it remains undisputed that the Settlement Class meets the predominance standard because common questions of fact and law predominate over individual damage issues. Class Members worked for Defendants in the relevant job positions. Class Members were subject to the same compensation practices. The common issues regarding Defendants' compensation practices predominate over any individual issues. Moreover, Defendants' defenses are of class-wide application to the claims asserted.

Superiority: The number of Class Members participating in the Settlement, and the absence of objections or exclusions, demonstrate that there is significant interest in the collective resolution of these claims. Litigating these claims in more than one forum would waste judicial resources and create the risk of conflicting outcomes. As such, maintaining the Litigation as a class action is superior to any alternate methods available.

By reason of the foregoing demonstration that the prerequisites for certification have been met, Plaintiffs request that the Court issue a final order certifying for settlement purposes the Settlement Class identified in the proposed final order. *See* Proposed Order, Ex. 1.

## VI. THE SERVICE AWARD FOR CLASS REPRESENTATIVE CAROLYN LAPLACA IS APPROPRIATE

Class Representative Carolyn LaPlaca seeks a service payment of five thousand dollars ($5,000.00) for her contributions to this litigation, in addition to the payment she shall receive as her *pro rata* share of the Settlement Fund. In the motion for preliminary approval, Plaintiff provided the Court with legal authorities supporting such service awards. ECF. 75-1, at 13-14. The Summary Notice mailed to Class Members informed Class Members that, subject to Court approval, the service payment for Ms. LaPlaca would be paid out of the Settlement Amount. Ex. 2, Ex. A. No member of the Settlement Class objected to the proposed service payment. Ex. 2,

¶¶ 8-9.   Class Representative LaPlaca invested significant time in bringing forward and prosecuting this case, assisting her counsel in the initial and ongoing investigation of the case, reviewing the pleadings and filings, preparing for and attending the mediation session, and in preparing the preliminary and final approval terms.  Dkt. 75-3, at ¶¶38-39.   The case would not have been brought and the settlement achieved but for her efforts and diligence.  *Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *9 (N.D. Ill. Nov. 29, 2016) (approving service awards of $12,500.00 each to named plaintiffs.)

### VII.   THE PAYMENT OF ATTORNEYS' FEES AND COSTS OF APPROXIMATELY 35.8%  OF THE SETTLEMENT FUND IS REASONABLE

Under the common fund  doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other  than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).  The common fund doctrine "is based on the equitable notion that those who have benefitted from litigation should share in its costs." *Sutton v. Bernard,* 504 F.3d 688, 691-92 (7th Cir. 2007), *citing Skelton v. Gen. Motors Corp.,* 860 F.2d 250, 252 (7th Cir. 1988). Consequently, Class Counsel's request for $304,317.45 of the $850,000 Settlement Fund as attorneys' fees and costs should be approved, as it is adequately supported by the record.  *See* Proposed Final Approval Order, Ex. 1, ¶ 9.

### A.   The Percentage of the Fund Method of Awarding Attorneys' Fees is Appropriate in Common Fund Cases

The Seventh Circuit has stated district courts may employ the percentage of the fund method to determine an appropriate fee award in common fund cases. *See Taubenfeld v.*

-12-

*AON Corp.*, 415 F.3d 597, 599-600 (7th Cir. 2005). In fact, the approach favored in the Seventh

Circuit is to compute attorney's fees as a percentage of the benefit conferred upon the class.

*Williams v. General Elec. Capital Auto Lease,* No. 94 C 7410, 1995 U.S. Dist. LEXIS 19179 *29

(N.D. Ill. Dec. 16, 1995) (citations omitted).  Indeed, the  "use of a lodestar cross-check in a

common fund case is unnecessary, arbitrary, and potentially counterproductive." *Schulte v. Fifth*

*Third Bank*, 805 F. Supp. 2d 560, 598 n. 27 (N.D. Ill. 2011) (citing *Will v. General Dynamics*

*Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at *3  (S.D. Ill. Nov. 22, 2010)).

    In deciding fee levels in common fund cases, the Seventh Circuit has "consistently

directed district courts to 'do their best to award counsel the market price for legal services, in

light of the risk of nonpayment and the normal rate of compensation in the market at the time.'"

*Sutton,* 504 F.3d at 692, 693-94, *citing In re Synthroid Mktg. Litig.,* 264 F.3d 712, 718 (7th Cir.

 (collecting cases)). The Seventh Circuit has held that "[a]lthough it is impossible to know  *ex*

*post* exactly what terms would have resulted from arm's-length bargaining *ex ante*, courts  must

do their best to recreate the market by considering factors such as actual fee contracts that  were

privately negotiated for similar litigation, information from other cases, and data from

class-counsel auctions." *Taubenfeld*, 415 F.3d at 599.  Under the market-based approach, "class

counsel are entitled to the fee they would have received had they handled a similar suit on a

contingent fee basis, with a similar outcome, for a paying client." *Retsky Family Ltd.*

*Partnership v. Price Waterhouse LLP,* No. 97 C 7694, 2001 U.S. Dist LEXIS 20397, at *10-11

(N.D. Ill. 2001).

Here, Class Counsel has executed a fee arrangement with Named Plaintiffs that entitled Class Counsel to forty percent (40%) of any recovery. Dkt. 75-3, ¶35. Class counsel routinely negotiate similar agreements in class action cases. *Id.*, ¶36; and see Dkt. 75-11, ¶18. *Briggs v. PNC Fin. Servs. Grp.*, 2016 U.S. Dist. LEXIS 165560, at *10-11 (considering Plaintiffs' contingent fee agreement in determining reasonableness of requested fee.)

**B.    The Attorneys' Fee Request is a Reflection of the Relevant Market**

**1.    The Requested Attorneys' Fee Award Reflects the Normal Rate of Compensation in this Market**

The Seventh Circuit has recognized the appropriateness of relying on "analogous class action settlements" to determine the reasonableness of attorneys' fees. *Taubenfield v. Aon Corp.*, 415 F.3d 597, 600 (7th Cir. 2005). Numerous district courts within the Seventh Circuit have approved similar fee awards in analogous class action settlements: *Taubenfeld*, 415 F.3d at 600 (Noting, "Lead counsel submitted a table of thirteen cases in the Northern District of Illinois where counsel was awarded fees amounting to 30-39% of the settlement fund."); *Goldsmith v. Tech. Solutions Co.,* No. 92 C 4374, 1995 U.S. Dist. LEXIS 15093, at *27 (N.D. Ill. Oct. 10, 1995) (citing decisions from the N.D.Ill. in class action cases in which fees were awarded between 32% and 39% of the total recovery); *Briggs v. PNC Fin. Servs. Grp.,* 2016 U.S. Dist. LEXIS 165560, at *12 (approving fee request of one-third of total recovery in wage and hour class action); *Osorio et al. v. Sprint*, No. 08 c 3228 (N.D.Ill.) (Darrah, J.) ECF. 175, ¶8 (same); *Cioe et al. v. Cellco Partnership et al.*, No. 1:11-cv-1002, ECF. 161, ¶13 (Valdez, J.) (same); *Peraza v. Dominick's Finer Foods, Inc.,* No. 11-C-8390 (N.D.Ill.) (Lee, J.) ECF. 52, ¶9 (same); *Lueders et al. v. 3M Company*, 4:08-cv-04047 (C.D.Ill.) (Mihm., J.) (ECF. 81, at p. 13, and ECF. 97, ¶16) (same); *Acosta vs. Scott Labor,* N.D. Ill., Case No. 05 C 2518, ECF No. 120 (same);

-14-

*Sanchez v. Stampede Meat, Inc.*, N.D. Ill., Case No 02 C 5452 (ECF No. 70) (same); *Gonzalez v. Labor Network*, Case No. 05 C 4864 (ECF No. 137) (same); *Flores v. Jorge Arteaga Corp.*, N.D. Ill., Case No. 05 C 2057, ECF No. 53 (same); *Romo v. Manpower, Inc.,* Case No. 09 C 3429, ECF No. 249 (N.D. Ill. ) (same); *Rosales v. The Placers, Ltd.,* Case No. 09 C 1706, ECF No. 162 (N. D. Ill.) (same); *Williams v. Volt Management Corp*, Case No. 10 C 3927, ECF No. 52 (N.D. Ill.) (same); *Schmidt v. Smith & Wollensky LLC*, Case No. 09-2752, ECF No. 78 (N.D. Ill) (same); *Perry v. National City Bank*, Case No. 05 C 891 DRH, ECF No. 81 (S.D. Ill.) (same).

Large wage and hour class actions are, by their very nature, complicated and time-consuming. Any lawyer undertaking representation of large numbers of employees must be prepared to make a tremendous investment of time, energy and resources. Class Counsel undertook the risk that they would not prevail in this action, and would receive no fee at all. Due to the contingent nature of the customary fee arrangement, lawyers must be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Dkt. 75-3, ¶57. The demands and risks of this type of litigation overwhelm the resources — and deter participation — of many traditional plaintiffs' firms.

Further, Class Counsel are assuming additional risk in this Settlement insofar as the attorneys' fee portion of the Settlement Fund is to be paid in installments over a two-year period due to Mr. Malnalti's representations regarding his and the companies' ability to fund the Settlement. Dkt. 75-3, at ¶¶27-28; and see, Paragraph 9(b) of the Settlement Agreement. The additional risk of delayed payment assumed by class counsel also warrants in favor of the requested fee.

2.     **The Results and the Benefits Conferred Upon the Class Justify the Requested Award.**

As set forth in the Motion for Preliminary Approval and as described above, this Settlement brings substantial value to the Named Plaintiff and the Class.  The fact that significant monetary recovery is available to Class Members without the continued uncertainty of trial, and is reached through this Settlement, rather than after years of additional litigation, qualifies this Settlement as an exceptionally favorable result. Further, Class Members will not be required to sign general releases in order to participate in the Settlement. Dkt. 75-3, ¶31.  *See Ramah Navajo Chapter v. Babbitt,* 50 F. Supp. 2d 1091, 1103-04 (D. N.M. 1999) (noting that the limited, rather than  general, nature of the release as further evidence of an exceptional result in favor of class  members).  For all these reasons, the requested fee of $304,317.45 is fair and reasonable.

## VIII.   CONCLUSION

The Settlement is a compromise that takes into account the complex factual and legal issues that confronted the litigants in this case.  It has been achieved in good faith and through arm's length negotiations and is not the product of fraud or collusion.  The record establishes that all the criteria under Rule 23 are met for purposes of settlement, and that the Parties have provided the Class with adequate notice of the terms and conditions of the Settlement in a manner intended to maximize the due process rights of the Class Members.  For all these reasons, the Court should grant final approval of the Settlement, and enter the Parties' proposed final approval order attached hereto as Exhibit 1.

Respectfully submitted,

s/ M. Nieves Bolaños
One of Plaintiffs' Attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60613
(312)-201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Robin Potter, Esq.
M. Nieves Bolaños, Esq.
Patrick Cowlin, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 East Wacker Street, Suite 2600
Chicago, Illinois 60601
(312) 861-1800
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org